LAW (FOYLES v.). See Case No. 5,024.

## Case No. 8,128.

### LAW v. LAW.

[3 Cranch, C. C. 324.] [1]

Circuit Court, District of Columbia. May Term, 1828.

EQUITABLE ASSETS—LAND PARTIALLY PAID FOR— JUDGMENT LIEN.

The proceeds of the sale of an equitable title to land, are equitable, not legal assets.

[Cited in Sawyer v. Morte, Case No. 12,401.]

In equity. The case was submitted to the court upon the following statement. Mr. John Law, in his lifetime, bought a lot on Pennsylvania avenue, in Washington, at

public sale, to be paid for by instalments. Some were paid, but not all; and although he built upon the lot, and lived in the house, he never received a deed for it; but his assigns will receive one as soon as the last instalment is paid. The question was whether the proceeds of the sale of the lot in the hands of the trustee, under a decree of this court upon a creditor's bill, were legal or equitable assets; and consequently whether the judgment creditors were to be paid before those by simple contract or specialty. See 2 Fonbl. Eq. 401, in notes, and Sharpe v. Earl of Scarborough, 4 Ves. 538.

CRANCH, Chief Judge. We are of opinion that the proceeds of the sale of Mr. J. Law's equitable interest in the lot of land, in the hands of the trustee who made the sale, are equitable, not legal assets, inasmuch as the legal estate never was in him; and therefore it is not like the case of a mortgagor who has an equity of redemption; and who, upon the mortgage-money being paid, is reinvested with the legal estate without any reconveyance from the mortgagee. It is said that a judgment creditor has a right to redeem the mortgage, and by paying the mortgage-money, the legal estate reverts to the mortgagor, so that the judgment is a legal lien upon the lands, subject to the mortgage, as in the case of Sharpe v. Earl of Scarborough, cited above.

THRUSTON, Circuit Judge, absent.